# EXHIBIT C

Exhibit C

Received and E-Filed for Record
4/2/2020 7:38 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

CAUSE NO. 20-04-04317

| | | |
|---|---|---|
| JOE AND ARCELIA EMERSON, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | Montgomery County - DC - County Court at Law #2 |
| | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Joe and Arcelia Emerson, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2.    Plaintiffs, Joe Emerson, Arcelia Emerson, reside in Montgomery County, Texas.

3.    Defendant, Allstate Vehicle and Property Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company through its registered agent for service:  **CT Corporate System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiffs request service at this time.

**JURISDICTION**

4.      The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Montgomery County, Texas, with reference to this specific case.

**VENUE**

5.      Venue is proper in Montgomery County, Texas because the insured property is located in Montgomery County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6.      Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.      Plaintiffs own an Allstate Vehicle and Property Insurance Company insurance policy, number 844399175 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 18791 West Cool Breeze Lane, Montgomery, Texas 77356 ("the Property").

8.      Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home.  Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

9.      On or about July 15, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Montgomery, Texas area.

2

10. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number 05764909059 to Plaintiffs' claim.

11. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12. Damaged areas of the property include, but not limited to, the roof, vents, flashings, fascia, gutters and downspouts.

13. Allstate assigned or hired Kara Eckles ("Eckles") to adjust the claim.

   A.  Eckles had a vested interest in undervaluing the claims assigned to her by Allstate in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Eckles. The valuation of damages that were included in Eckles' report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Eckles.

   B. Furthermore, Eckles was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Eckles had advanced knowledge of the amount of damages she needed to find in order to either deny the claim or find the claim below the deductible.

   C. Eckles made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

   D. Eckles made further misrepresentations to Plaintiffs' during his inspection. Eckles used her expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations

3

include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14. Allstate, through its agents, namely Eckles, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15. The initial adjustment of the claim occurred on or around October 29, 2019. Eckles found that there was very minimal damage from a covered peril to the roof of the property.

16. After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' home.

17. To date, Plaintiffs has received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $22,355.39.

18. Since due demand was made on January 28, 2020 Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

19. As stated above, Defendant failed to assess the claim thoroughly.  Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

20. As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

21. Allstate failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all

4

conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

22. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiffs.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiffs' claim in a fair manner, even though Defendant was aware of its liability to Plaintiffs under the Policy. Specifically, Defendant has failed to timely pay Plaintiffs' coverage due under the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, Allstate, through its agents, servants, and representatives, namely Eckles, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

5

27.     Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendant has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received full payment for the claim.

28.     Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### BREACH OF CONTRACT

29.     All allegations above are incorporated herein.

30.     Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

31.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     All allegations above are incorporated herein.

33.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

34.     Allstate's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.     Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37.     Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.     Allstate's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     All allegations above are incorporated herein.

7

40.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.     Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.     Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     All allegations above are incorporated herein.

44.     Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46.     All allegations above are incorporated herein.

47.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are a consumer of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs has met all conditions

8

precedent to bringing this cause of action against Allstate.  Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Allstate represented to Plaintiffs that the Policy and Allstate's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate also represented to Plaintiffs that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.  Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.  All allegations above are incorporated herein.

50.  Allstate is liable to Plaintiffs for common-law fraud.

51.  Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.  Allstate made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

53.  Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

54.   Defendant waived and is estoped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

55.   Since the claim was made, Allstate has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.   Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations.  Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

57.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

58.   For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

59.     The damage to Plaintiffs' Property is currently estimated at $22,355.39.

60.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.   For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

62.     For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

63.     Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.    For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, Allstate Vehicle and Property Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiffs, Joe Emerson, Arcelia Emerson, have and recover from Defendant, Allstate Vehicle and Property Insurance Company, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Joe Emerson, Arcelia Emerson, may show Plaintiffs are justly entitled.

Respectfully submitted,

By: /s/ *Chad T. Wilson*

CHAD T WILSON LAW FIRM, PLLC
Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com


ATTORNEYS FOR PLAINTIFF

Received and E-Filed for Record
4/2/2020 7:38 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

# Request for Service

## Montgomery County District Clerk

20-04-04317

Montgomery County - DC - County Court at Law #2

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition, Jury Demand & Request for Disclosure

_____

_____

**FILE DATE of document(s) to be served:** April 1, 2020 _____ **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Allstate Vehicle and Property Insurance Company

**Address of Service:** 1999 Bryan Street, Suite 900

**City, State & Zip:** Dallas, Texas 75201-3136

**Agent (if applicable):** _____

☐ **Check here to have citation addressed to wherever the addressee may be found.**

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ■ **Citation for Personal Service** | ☐ **Secretary of State Citation ($12.00)** | ☐ **Civil Injunction/TRO** |
| ☐ **Citation by Posting** | ☐ **Highway Commission ($12.00)** | ☐ **Precept** |
| ☐ **Citation by Publication** | ☐ **Commissioner of Insurance ($12.00)** | ☐ **Subpoena** |
| ☐ **Citation Scire Facias** | ☐ **Capias (not an E-Issuance)** | ☐ **Other (Please describe)** |
| ☐ **Writ of Garnishment** | ☐ **Temporary Restraining Order (Family)** | |
| ☐ **Writ of Sequestration** | ☐ **Temporary Ex Parte Protective Order** | _____ |
| ☐ **Writ of Attachment** | ☐ **Notice of Appl. For Protective Order** | _____ |
| ☐ **Writ of Habeas Corpus** | ☐ **Notice of Hearing/Show Cause** | |

☐ **Notice of Foreign Judgment (UIFSA)**

**(See additional forms for Post Judgment Service)**

☐ **Notice of Foreign Judgment (UCCJEA)    (by certified mail service)**

☐ **Writ of Withholding   ($15.00 - certified mail by District Clerk only)**

☐ **Notice of Termination of Child Support ($15.00 - certified mail by District Clerk only)**

**SERVICE BY: (Check the appropriate box.)**

■ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:)** <u>CAPIAS is not an E-Issuance Option</u>

*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

☐ **ATTORNEY PICK-UP (phone or email contact):** _____

☐ **MAIL to attorney at Attorney of Record's address on file in case record.**

☐ **CERTIFIED MAIL by District Clerk**

☐ **Regular Mail (only available for Expedited Foreclosures and UIFSA Foreign Judgments**

☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____

■ **OTHER,** *explain:* dbullock@cwilsonlaw.com

**Issuance of Service requested by:**

**Attorney/Party Name:** Chad T. Wilson, PLLC _____ **Bar# or ID:** _____

**Mailing Address:** 455 East Medical Center, Suite 555

**Phone Number:** (832) 415-1432

Received and E-Filed for Record
4/13/2020 5:34 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

# CITATION

Cause Number: 20-04-04317

**Clerk of the Court**
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

**Attorney Requesting Service**
Chad T. Wilson
455 East Medical Center Blvd Suite 555
Webster TX 77598

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:    Allstate Vehicle and Property Insurance Company
       Registered Agent CT Corporate System
       1999 Bryan Street Suite 900
       Dallas TX 75201

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 2nd day of April, 2020 numbered 20-04-04317 on the docket of said court, and styled, Joe Emerson, Arcelia Emerson VS. Allstate Vehicle and Property Insurance Company

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 7th day of April, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _Deven Maropis_                4/7/2020 3:12:38 PM
Deven Maropis, Deputy



**OFFICER'S RETURN**

Cause No. 20-04-04317                    Court No: County Court at Law #2

Style: Joe Emerson, Arcelia Emerson VS. Allstate Vehicle and Property Insurance Company

To:            Allstate Vehicle and Property Insurance Company

Address:    Registered Agent CT Corporate System
              1999 Bryan Street Suite 900
              Dallas TX 75201

Came to hand the __9__ day of __April__, 20 _20_ at __11a__ o'clock, and executed in __Dallas__
County, Texas by delivering to each of the within named defendants in person, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's
Original Petition, Jury Demand, and Request for Disclosure at the following times and places, to wit:

Name _____ Date/Time _____ Place, Course and distance from Courthouse _____

By serving its 4/9/2020 12:1p 1999 Bryan Ct. Ste 900, Dallas TX 75201
Registered agent CT Corporation System  Kimberly Hightower

Manner of service: _____

*And not executed as to the defendants(s) _____

The diligence used in finding said defendant(s) being:

_____

And the cause of failure to execute this process is:

_____

And information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy   $ _____         _S. Fobbs_ _____ **OFFICER**

TOTAL                       $ _75_                  _Dallas_ _____ County, Texas

                                                    By: _____ , Deputy

**AFFIANT**

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the
statement below in substantially the following form:                    _[signature]_

My full name is _Shawnta Fobbs_                          _____
My date of birth is _3/10/76_, and my address is _75159_   Declarant/Authorized Process Server
_3017 Greystone Ct  Seagoville, TX_.                      _13550   1/31/2022_
I DECLARE UNDER PENALTY OF PERJURY THAT THE              ID# & Exp. Of Certification
FOREGOING IS TRUE AND CORRECT
Executed in _____ , County, State of               **SWORN AND SUBSCRIBED ON**
_____ , on the _____ day of _____ , 20 ____.   _4/10/2020_

                                                         **DATE**

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification                              _Heather Bork_
                                                         **NOTARY**

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

Received and E-Filed for Record
5/1/2020 7:45 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

CAUSE NO. 20-04-04317

| | |
|---|---|
| JOE AND ARCELIA EMERSON, | IN THE COUNTY COURT |
| Plaintiffs, | |
| V. | COUNTY COURT AT LAW NO. 2 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | MONTGOMERY COUNTY, TEXAS |
| Defendant. | |

## **DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### **I.**

### **GENERAL DENIAL**

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### **II.**

### **SPECIFIC DENIALS**

Plaintiffs' claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Emerson, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0564909059.1

Page 1 of 4

Plaintiffs failed to comply with certain conditions precedent to the policy prior to filing this lawsuit.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Plaintiffs' claims are barred, in whole or in part, as the claimed damages were not caused by the alleged date of loss and/or alleged weather event, but by a preceding or subsequent loss, and Plaintiffs have not adequately segregated their damages.

Plaintiffs' claims are barred, in whole or in part, because the losses alleged by Plaintiffs were proximately caused in whole or in part by the fault, negligence, or failure to mitigate damages by Plaintiffs.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tender the jury fee.

Emerson, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0564909059.1

Page **2** of **4**

# V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES


**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Emerson, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0564909059.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer has been delivered to all interested parties on the 1st day of May, 2020, to:

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
CHAD T WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

ATTORNEY FOR PLAINTIFFS                    *VIA E-SERVE*

**KIMBERLY BLUM**

Emerson, et al. vs. Allstate
Defendant's Original Answer and Request for Disclosure
0564909059.1                                                        Page **4** of **4**

RECEIVED AND FILED
5/1/2020 2:00pm
Melisa Miller, District Clerk
Montgomery County, Texas

CAUSE NO. 20-04-04317

| | | |
|---|---|---|
| **JOE EMERSON; ARCELIA EMERSON** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS** | § | **AT LAW NUMBER TWO** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | **MONTGOMERY COUNTY, TEXAS** |
| **INSURANCE COMPANY** | | |

## DOCKET CONTROL ORDER

It is ordered adjudged and decreed that the following deadlines shall apply to this case, said deadlines shall continue to be in effect upon any change in the trial date. Any date that falls on a weekend or legal holiday (as determined by Montgomery County Commissioners Court) shall be moved to the next day. Failure to appear as required for any docket will result in dismissal of the case with no further notice. **MEDIATION BEFORE CALL-IN IS ORDERED**.

1. 75 DAYS PRIOR TO TRIAL — PLAINTIFF'S EXPERTS DISCLOSURE DEADLINE

2. 45 DAYS PRIOR TO TRIAL — DEFENDANT'S EXPERT DISCLOSURE DEADLINE

3. 15 DAYS PRIOR TO TRIAL — EXPERT CHALLENGES DEADLINE
   All objecting to qualifications must be filed and presented in oral hearing to the Court by this date.

4. 10 DAYS PRIOR TO TRIAL — SUMMARY JUDGMENT DEADLINE
   Must be presented to the Court by this date.

5. TUESDAY PRIOR TO TRIAL — CALL IN ANNOUNCEMENT DOCKET
   All parties must contact the Court Administrator by telephone at 936.539.7832 to make trial announcements **by noon**.

6. FRIDAY PRIOR TO TRIAL — PRE TRIAL CONFERENCE
   **ONLY THOSE PARTIES NOTIFIED BY THE COURT AFTER CALL IN DOCKET SHALL APPEAR**
   a. If a jury fee has been paid, a proposed jury charge must be filed by this date. The jury charge must be provided to the Court in electronic format.
   b. All contested motions for continuance will be heard at this time.
   c. All motions in limine must be in writing and will be heard at this time. A separate proposed limine order must be filed with the motion.

**08/17/2020 at 9:00 a.m.** —TRIAL (Trials on call for two weeks)
**ONLY THOSE PARTIES NOTIFIED BY THE COURT AT PRE-TRIAL CONFERENCE SHALL APPEAR**

Signed on this the 1st day of May, 2020.

_____
Judge Claudia Laird

Sent to: cwilson@cwilsonlaw.com; KBlum@cwilsonlaw.com